IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

DERRICK M. ALLEN, SR., )
)
        Plaintiff, )
)
        v. )    1:21CV31
)
DURHAM COUNTY DET. FACILITY, )
et al., )
)
        Defendant(s). )

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, a prisoner of the State of North Carolina, submitted a civil rights action pursuant to 42 U.S.C. § 1983, together with an application to proceed *in forma pauperis*. The form of the Complaint is such that serious flaws make it impossible to further process the Complaint. The problems are:

1. Some of Plaintiff's claims are not sufficiently clear at this point and significant issues exist with other claims. Plaintiff seeks to name the detention center where he was formerly housed as a Defendant despite the fact that it is a building and not a person as is required for it to be a proper Defendant under § 1983. Plaintiff also appears to name certain Defendants based on their status as supervisors despite the fact that theories of *respondeat superior* or supervisory liability do not exist under § 1983. Ashcroft v. Iqbal, 556 U.S. 662, 676-78 (2009). The Complaint alleges that unidentified persons prevented Plaintiff from using a kiosk to communicate with his attorney or a court and did not equitably distribute time out of cells between inmates. It is not clear which, if any, of the named Defendants allegedly did these things or exactly how they allegedly violated Plaintiff's rights. There is a specific allegation that Defendant Major Bazemore denied Plaintiff access to a telephone to contact clerks of court, but any denial of access to the courts claim requires that Plaintiff allege facts demonstrating that Defendant's actions denied him access to the courts by actually depriving him of the ability to

pursue nonfrivolous claims. See Jackson v. Wiley, 352 F. Supp. 2d 666, 679-80 (E.D. Va.) (citing Lewis v. Casey, 518 U.S. 343 354-55 (1996)), aff'd, 103 F. App'x 505 (4th Cir. 2004). The Complaint contains no allegations in this regard. Finally, the Complaint alleges that Defendant Manager Pam denied Plaintiff canteen orders for two days after he filed a complaint against her. It is not clear how he contends that this brief denial of canteen services violated his federal constitutional rights. Plaintiff must make his claims clear to the Court and to any potential Defendants.

Consequently, the Complaint should be dismissed, but without prejudice to Plaintiff filing a new complaint, on the proper § 1983 forms, which corrects the defects of the present Complaint. To further aid Plaintiff, the Clerk is instructed to send Plaintiff new § 1983 forms, instructions, an application to proceed *in forma pauperis*, and a copy of pertinent parts of Fed. R. Civ. P. 8 (*i.e.,* Sections (a) & (d)).

*In forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation.

IT IS THEREFORE ORDERED that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation. The Clerk is instructed to send Plaintiff § 1983 forms, instructions, an application to proceed *in forma pauperis*, and a copy of pertinent parts of Fed. R. Civ. P. 8 (*i.e.,* Sections (a) & (d)).

IT IS RECOMMENDED that this action be filed and dismissed *sua sponte* without prejudice to Plaintiff filing a new complaint, on the proper § 1983 forms, which corrects the defects cited above.

This, the 9th day of August, 2021.

                                              /s/ L. Patrick Auld
                                                  **L. Patrick Auld**
                                    **United States Magistrate Judge**